343 F.2d 519
 Emmy Schmid BUTTERMAN, Plaintiff-Appellant,
v.
Harold C. STEINER, Individually and as Co-partner of Betts, Borland & Company, a Co-partnership and Betts, Borland & Company, a Co-partnership, Defendants-Appellees.
 No. 14764.
 United States Court of Appeals Seventh Circuit.
 April 1, 1965.
 Rehearing Denied April 29, 1965.
 
 Howard T. Savage, Chicago, Ill., for plaintiff-appellant.
 Joseph Keig, Jr., John M. Betts, Chicago, Ill., for defendants-appellees, Bennet B. Harvey, Jr., Spray, Price, Townsend & Cushman, Chicago, Ill., of counsel.
 Before KNOCH, CASTLE and KILEY, Circuit Judges.
 KNOCH, Circuit Judge.
 
 
 1
 On January 20, 1964, plaintiff-appellant, Emmy Schmid Butterman, filed her complaint in the U. S. District Court against defendants-appellees, Harold C. Steiner, individually and as co-partner of Betts, Borland & Company, a co-partnership and Betts, Borland & Company, a co-partnership, stockbrokers, to recover money damages and certain shares of stock allegedly sold by the defendants without authority and contrary to the rules of the Board of Governors of the Federal Reserve System, the Securities Exchange Act of 1934, and the rules and regulations of the New York Stock Exchange and of the Securities Exchange Commission. She also charges conversion of funds, fraud and deceit in violation of the fiduciary relationship existing between her and the defendants-appellees.
 
 
 2
 The defendants moved to dismiss plaintiff's complaint for failure to state a claim on which relief could be granted because of the bar of the statute of limitations.
 
 
 3
 On this motion, and on affidavits and supporting material submitted by both parties, the District Court, treating the motion as one for summary judgment pursuant to Federal Rules of Civil Procedure, Rule 12(b), dismissed the action as time barred, and plaintiff brought this appeal.
 
 
 4
 Plaintiff does not contest the District Judge's conclusion that the Illinois statute of limitations is applicable but asserts here, though not in the District Court,[1] that her action was timely filed under § 24a, Ch. 83, Ill.Revised Statutes within one year after a substantially similar suit was dismissed for want of prosecution in the Circuit Court of Cook County.
 
 
 5
 Section 24a applies to the filing of the "same identical cause of action." Gibbs v. Crane Elevator Co., 180 Ill. 191, 194, 54 N.E. 200, 201 (1899). In her initial state court action, plaintiff was called upon to prove a special contract and breach. There is no diversity of citizenship here. Jurisdiction in the District Court case exists only because plaintiff brought her case there under federal statutes. The Circuit Court of Cook County would have no jurisdiction to try an action arising out of a violation of the Securities Exchange Act of 1934. Title 15 U.S.C. § 78aa.
 
 
 6
 These are not identical causes of action although both actions did arise out of the sale of plaintiff's stock by defendants in October, 1957. United Shoe Machinery Corp. v. U. S., 258 U.S. 451, 42 S.Ct. 363, 66 L.Ed. 708 (1922); Clancey v. McBride, 338 Ill. 35, 38, 39, 169 N. E. 729, 730 (1930).
 
 
 7
 Under date of October 23, 1962, defendants' attorneys wrote Mr. Peter J. Chamales, one in a line of several successive attorneys who represented plaintiff, as follows:
 
 
 8
 "Butterman v. Steiner
 
 Dear Mr. Chamales:
 
 9
 In order to keep the way open for continuing friendly discussions of Mrs. Butterman's case against Betts, Borland & Co. we will agree not to assert the defense of the statute of limitations as to any new suit which you may file during the one week period after the termination of our discussions."
 
 
 10
 Plaintiff contends that this waiver of the defense of limitations was not limited as defendants assert to Mr. Chamales personally. Defendants explain their assertion on the ground that Mr. Chamales was at least the fifth attorney to represent plaintiff in this matter and that defendants were reluctant to commit themselves to possible future unknown counsel.
 
 
 11
 Plaintiff argues that there is no evidence to establish the termination of settlement negotiations within one week prior to the filing of her action in the District Court.
 
 
 12
 There is evidence in the record to support the District Judge's finding that the negotiations terminated on or about October 15, 1963, the time of the last conference between Mr. Chamales and Mr. Betts, who wrote the above quoted letter. That would be some three months prior to the filing of this action by yet another attorney who in turn was superseded by other counsel who represented plaintiff in this appeal. Plaintiff's attorney in the District Court indicated that plaintiff had become dissatisfied with the efforts of Mr. Chamales, and on his advice had secured other counsel. He also spoke of the necessary time and work involved in evaluating and preparing her case, from which the District Judge could easily have concluded that more than a week elapsed between the termination of negotiations with Mr. Chamales and the filing of this case in the District Court.
 
 
 13
 In plaintiff's view, the District Court erred in finding that plaintiff knew or had reason to know of the existence of facts giving rise to this action prior to January 20, 1959. Plaintiff argues that the fraud, deceit, and mechanisms which resulted in defrauding plaintiff, were unknown to her until the deposition of defendant Harold C. Steiner was taken on May 26, 1960.
 
 
 14
 In her action initiated in the Circuit Court of Cook County in 1957, plaintiff alleged that defendants told plaintiff on or about October 23, 1957, that they intended to hold her securities as security for her indebtedness and that defendants thereafter sold those securities. In her present complaint she also alleges the sale of certain shares of stock by the defendants on October 25 and 28, 1957. Both actions arise out of the sale of plaintiff's stock by defendants in October, 1957. We cannot disagree with the conclusion of the District Court that plaintiff had full knowledge of the ultimate facts on which both actions are based.
 
 
 15
 The plaintiff contends further that the District Court improperly considered immaterial facts concerning such matters as plaintiff's character and emotional stability.
 
 
 16
 The record shows that the Court did make certain inquiries in colloquy with plaintiff's counsel in the light of the unusual circumstances that plaintiff had engaged a succession of different attorneys to bring these two actions (and one other) against two firms of stockbrokers. We disagree with plaintiff that these inquiries were prejudicial to the plaintiff.
 
 
 17
 The District Court's order of dismissal is affirmed.
 
 
 18
 Affirmed.
 
 
 
 Notes:
 
 
 [1]
 As indicated below, plaintiff was represented by different counsel in the trial and in the appeal