DENNIS M. HAMILTON, Plaintiff-Appellee, v. CHRYSLER CORPORATION, Defendant-Appellant.

First District (4th Division)   Nos. 1—94—3836, 1—94—3886 cons.

Opinion filed May 23, 1996.—Rehearing denied June 18, 1996.

Keck, Mahin & Cate, of Chicago (James R. Vogler, John S. Vishneski III, and Sheila Gibbs-Cunningham, of counsel), for appellant.

David H. Locks, of Chicago, for appellee.

PRESIDING JUSTICE HOFFMAN delivered the opinion of the court:

After a jury verdict of $175,000 was returned in favor of the plaintiff, Dennis M. Hamilton, and against the defendant, Chrysler Corporation (Chrysler), for a violation of the Illinois Motor Vehicle Franchise Act (MVFA) (Ill. Rev. Stat. 1983, ch. 121$^{1}$/$_{2}$, par. 751 *et seq.* (now 815 ILCS 710/1 *et seq.* (West 1994))), the circuit court entered judgment on the verdict and, thereafter, awarded the plaintiff an additional $125,000 for attorney fees. Chrysler appeals, contending that: (1) the plaintiff's action was not brought within the limitations period provided in the MVFA; (2) the plaintiff lacked standing to bring an action under the MVFA; (3) the court erred in the manner in which it instructed the jury; and (4) the trial court erred in awarding attorney fees to the plaintiff. For the reasons which follow, we reverse.

On August 22, 1984, the plaintiff filed a four-count complaint in the circuit court of Cook County naming Chrysler, Town & Country

Dodge, Inc. (Town & Country), Donald E. Lavin, Jack Childs, and Robert E. Snyder as parties defendant (1984 action). Count I of that complaint alleged a number of violations of the MVFA on the part of Chrysler; count II was grounded in allegations of breach of fiduciary duty; count III purported to state a cause of action for defamation; and count IV sought money damages and injunctive relief by reason of plaintiff's termination as an employee of Town & Country. On November 25, 1987, the plaintiff voluntarily dismissed his 1984 action pursuant to the provisions of section 2—1009 of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1987, ch. 110, par. 2—1009 (now 735 ILCS 5/2—1009 (West 1994))).

On November 17, 1988, the plaintiff filed the instant action naming the same parties defendant as had been named in his 1984 action. The preamble of the plaintiff's three-count original complaint herein stated that he was bringing the action pursuant to section 13—217 of the Code (Ill. Rev. Stat. 1987, ch. 110, par. 13—217 (now 735 ILCS 5/13—217 (West 1994))). Count I alleged violations of the MVFA; count II sought recovery for breach of fiduciary duty; and count III sought recovery for the plaintiff's wrongful termination as an employee of Town & Country. On April 27, 1989, Chrysler moved for judgment on the pleadings contending that the MVFA claims asserted by the plaintiff in the instant action were time-barred by reason of the four-year limitations provision contained in section 14 of the MVFA (Ill. Rev. Stat. 1987, ch. 121½, par. 764 (now 815 ILCS 710/14 (West 1994))). Chrysler's motion was denied on September 19, 1989.

On January 7, 1994, Chrysler moved for summary judgment on all three counts of the plaintiff's complaint. On February 9, 1994, the trial court found that a material issue of fact existed on the question of whether the plaintiff was a "motor vehicle dealer" or a "franchisee" as those terms are defined in the MVFA (see 815 ILCS 710/2(h), (k) (West 1994)). The trial court denied Chrysler's motion as it related to count I of the plaintiff's complaint but granted Chrysler's motion as it related to counts II and III.

On June 6, 1994, the plaintiff filed a single-count amended complaint alleging violations of the MVFA, and it is upon this complaint that the case was tried. On July 6, 1994, prior to jury deliberations, the plaintiff dismissed the individual defendants from the action.

The plaintiff narrowed the issues of his claim by submitting jury instructions relating to Chrysler's violation of four sections of the MVFA, namely: (1) section 4(d)(6)(A) by terminating plaintiff's franchise without good cause; (2) section 4(d)(3) by adopting a system of allocating new cars and trucks that was arbitrary or capricious, or

refusing to deliver vehicles in reasonable quantities and within a reasonable time after receipt of the plaintiff's orders; (3) section 4(c)(1) by coercing the plaintiff into accepting vehicles he did not order; and (4) section 4(b) by engaging in acts with respect to the franchise which were arbitrary, in bad faith or unconscionable. See 815 ILCS 710/4(b), (c), (d) (West 1994). The court instructed the jury in accordance with the plaintiff's tendered issues instructions, and also instructed the jury that in order to establish that Chrysler violated the MVFA, the plaintiff had the burden of proving that he, individually, was a "motor vehicle dealer" or "franchisee."

On July 6, 1994, the jury returned a verdict in favor of Chrysler on its alleged violations of sections 4(d)(6)(A), 4(d)(3), and 4(c)(1) of the MVFA and a verdict in favor of the plaintiff for Chrysler's violation of section 4(b). The jury fixed the plaintiff's damages at $175,000. On July 8, 1994, the court entered judgment on the verdict.

On August 2, 1994, the plaintiff filed a petition for an award of attorney fees and costs pursuant to section 13 of the MVFA (see 815 ILCS 710/13 (West 1994)). Thereafter, Chrysler filed its post-trial motion requesting the entry of a judgment notwithstanding the verdict in favor of the plaintiff or, in the alternative, a new trial, and its memorandum in opposition to the plaintiff's petition for fees and costs.

On October 6, 1994, the trial court denied Chrysler's post-trial motion and awarded the plaintiff $125,000 in attorney fees. This appeal followed.

■ When, as in this case, the limitations period for a statutory cause of action is contained within the same act that creates the cause of action, a plaintiff's compliance with the limitations period is a condition precedent to bringing suit and operates as a limitation on the defendant's liability and not merely the plaintiff's remedy. *Demchuk v. Duplancich*, 92 Ill. 2d 1, 440 N.E.2d 112 (1982); *Lowrey v. Malkowski*, 20 Ill. 2d 280, 170 N.E.2d 147 (1960); *Halper v. Vayo*, 210 Ill. App. 3d 81, 568 N.E.2d 914 (1991). In such a case, the plaintiff bears the burden of pleading and proving compliance with the limitations period as an element of his cause of action. *Demchuk*, 92 Ill. 2d at 6-7; *Lowrey*, 20 Ill. 2d at 285.

As stated, the plaintiff filed the instant action on November 17, 1988. A simple reading of the plaintiff's complaints in this case reveals that all of Chrysler's actions which allegedly violated the MVFA occurred on or before August 14, 1984. Consequently, in order to escape the bar interposed by the four-year limitations period for actions brought pursuant to the MVFA as contained in section 14 of that act (Ill. Rev. Stat. 1987, ch. 121½, par. 764), this action must

qualify as a refiling of the plaintiff's 1984 action pursuant to section 13—217 of the Code (Ill. Rev. Stat. 1987, ch. 110, par. 13—217).

■ Section 13—217 provides in pertinent part as follows:

"In the actions specified in Article XIII of this Act or any other act or contract where the time for commencing an action is limited, if *** the action is voluntarily dismissed by the plaintiff ***, then, whether or not the time limitation for bringing such action expires during the pendency of such action, the plaintiff *** may commence a new action within one year or within the remaining period of limitation, whichever is greater, after *** the action is voluntarily dismissed by the plaintiff ***." Ill. Rev. Stat. 1987, ch. 110, par. 13—217.

There is no question that: (1) the plaintiff's 1984 action was filed well within the four-year limitations period for actions brought pursuant to the MVFA; (2) the 1984 action was voluntarily dismissed; and (3) the instant action was filed after the expiration of the four-year limitations period, but within one year of the voluntary dismissal of the 1984 action. The issue presented by Chrysler's first assignment of error on appeal is whether the instant action qualifies for the application of the savings provisions of section 13—217.

■ In support of its contention that plaintiff's amended complaint in this case is time-barred pursuant to the provisions of section 14 of the MVFA, Chrysler contends that: (1) the instant action is not the same identical cause of action as was set forth in the plaintiff's 1984 action and, consequently, the savings provisions of section 13—217 of the Code are inapplicable; and (2) the savings provisions of section 13—217 are inapplicable to statutory causes of action. We agree with Chrysler's first contention, but disagree with the second.

The very language of section 13—217 of the Code belies Chrysler's contention that the savings provisions contained therein are inapplicable to statutory causes of action such as the one involved in this case. Section 13—217 specifically states that it applies to "actions specified in Article XIII *** or any other act *** where the time for commencing an action is limited." Ill. Rev. Stat. 1987, ch. 110, par. 13—217. And, to the extent that the opinion in *Hugley v. Alcaraz*, 144 Ill. App. 3d 726, 494 N.E.2d 706 (1986), can be read to hold otherwise, we decline to follow it.

The savings provisions contained in section 13—217 "were only intended to be, and can only practicably be, applied to causes where the record in the two suits is such as that by an inspection of the same the court can determine, as a matter of law, that the first was for the *identical claim and cause of action* set up in the second." (Emphasis added.) *Gibbs v. Crane Elevator Co.*, 180 Ill. 191, 196, 54

N.E. 200 (1899); see also *Gonzalez v. Thorek Hospital & Medical Center*, 143 Ill. 2d 28, 570 N.E.2d 309 (1991). Our reading of the plaintiff's complaint in his 1984 action and his complaints filed in this action lead us to conclude that the plaintiff's individual MVFA claims brought in this action are not the identical claims and causes of action contained in his 1984 action.

To be sure, in both his 1984 action and in his original complaint in this action, the plaintiff charged essentially the same violations of the MVFA on the part of Chrysler and the other defendants. However, the fact that the MVFA claims pled in the plaintiff's 1984 action and this action arise out of the same transaction or occurrence (see *Butterman v. Steiner*, 343 F.2d 519 (7th Cir. 1965)) and charge the defendants with the same violations of the MVFA is not dispositive of the question of whether this action was brought upon the same claim and causes of action as the 1984 action.

In count I of his 1984 action, the plaintiff alleged, *inter alia*, that: (1) Town & Country had sustained losses as a result of the defendants' violations of the MVFA, (2) a demand upon the defendants to enforce or prosecute the cause of action for Town & Country would be futile, and (3) he brought the action as a shareholder. The only reasonable conclusion that can be drawn from a fair reading of count I of the plaintiff's complaint in his 1984 action is that the MVFA claims pled therein were brought by the plaintiff as a shareholder on behalf of Town & Country. Our conclusion in that regard is further supported by the fact that the MVFA creates a statutory cause of action only in favor of a "franchisee" or a "motor vehicle dealer" (Ill. Rev. Stat. 1987, ch. 121$^{1}$/$_2$, par. 763) as those terms are defined in the statute (see Ill. Rev. Stat. 1987, ch. 121$^{1}$/$_2$, pars. 752(h), (k)). In his 1984 action, plaintiff never alleged that he was either a "franchisee" or a "motor vehicle dealer." Rather, he alleged that Town & Country was a "motor vehicle dealer" within the meaning of the MVFA.

By contrast, the original and amended complaints in the instant action allege that: (1) both the plaintiff and Town & Country were "motor vehicle dealer[s]" within the meaning of the MVFA, (2) the plaintiff was a "franchisee" within the meaning of the MVFA, and (3) both the plaintiff and Town & Country suffered losses as a result of the defendant's violations of the MVFA. Both his original and amended complaints in this action clearly attempt to plead MVFA claims against the defendant in favor of the plaintiff individually. Further, the plaintiff submitted jury instructions relating exclusively to his individual claim under the MVFA and the verdict that the jury returned against Chrysler for a violation of section 4(b) of the MVFA was in favor of the plaintiff individually.

In short, count I of the 1984 action was a shareholder's derivative action brought by the plaintiff as a shareholder of Town & Country predicated upon the defendant's violations of the MVFA. But as Chrysler points out, a shareholder's derivative action, although brought by a shareholder, is in actuality an action on behalf of the corporation. *Feen v. Ray*, 109 Ill. 2d 339, 487 N.E.2d 619 (1985). That simply is not the identical claim and cause of action pled pursuant to the MVFA on behalf of the plaintiff as an individual in the instant action.

Based upon the foregoing analysis, we find that the plaintiff could not avail himself of the savings provisions of section 13—217 of the Code in order to avoid the four-year limitations provision contained in section 14 of the MVFA as it relates to his individual claims and, as a consequence, his individual MVFA claims against Chrysler as pled in this case are time-barred. We conclude, therefore, that the trial court erred in denying Chrysler's motions for judgment on the pleadings and for judgment notwithstanding the verdict in favor of the plaintiff. In light of our holding on this issue, we need not address Chrysler's other claims of error.

Accordingly, the judgments entered in this case against Chrysler on July 8, 1994, and October 6, 1994, are reversed and this cause is remanded to the circuit court with directions to enter judgment in favor of Chrysler notwithstanding the verdict in favor of the plaintiff.

Reversed and remanded with directions.

CAHILL and THEIS, JJ., concur.