# Illinois Official Reports

## Appellate Court

---

### *Guiffrida v. Boothy's Palace Tavern, Inc.*, 2014 IL App (4th) 131008

---

| | |
|---|---|
| Appellate Court Caption | ANN E. GUIFFRIDA, Plaintiff-Appellant, v. BOOTHY'S PALACE TAVERN, INC., Defendant-Appellee. |
| District & No. | Fourth District<br>Docket No. 4-13-1008 |
| Filed<br>Rehearing denied | August 12, 2014<br>September 9, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In an action alleging that plaintiff was injured due to the negligent maintenance of a tavern, plaintiff's initial complaint did not sue the right party under the wrong name in a case of misnomer but, rather, sued the wrong party altogether by mistaken identity, and, therefore, when plaintiff's amended complaint naming the correct defendant was finally filed, the statute of limitations had expired, the complaint did not relate back to the timely filed initial complaint pursuant to section 2-616(d) of the Code of Civil Procedure, and the appellate court rejected plaintiff's contention that the correct defendant had constructive notice of the filing of the initial action and held that the correct defendant received actual notice of the action upon being served with the amended complaint, which occurred after the time permitted by Supreme Court Rule 103(b), and also affirmed the dismissal of the amended complaint after rejecting plaintiff's additional arguments that the savings provision of section 13-217 of the Code extended the limitations period and that defendant was estopped from asserting the limitations period as a defense. |
| Decision Under Review | Appeal from the Circuit Court of Calhoun County, No. 13-L-4; the Hon. Richard D. Greenlief, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Lanny H. Darr II (argued), of Schrempf, Blaine, Kelly & Darr, Ltd., of
Alton, for appellant.

Greg Anthony Gaz (argued), of Springfield, for appellee.

Panel

JUSTICE HOLDER WHITE delivered the judgment of the court, with
opinion.
Presiding Justice Appleton and Justice Steigmann concurred in the
judgment and opinion.

**OPINION**

¶ 1    In February 2012, plaintiff, Ann E. Guiffrida, filed a complaint against The Palace, Inc., in the United States District Court for the Central District of Illinois, alleging defendant's negligent maintenance of its premises caused plaintiff to suffer injury. Later that month, plaintiff voluntarily dismissed her federal complaint and refiled in Madison County, Illinois. After discovering The Palace, Inc., was not the proper defendant, plaintiff sought leave to amend her complaint and correct the "misnomer." In August 2012, the Madison County circuit court granted plaintiff's motion for leave to correct the misnomer and ordered all further pleadings to designate Boothy's Palace Tavern, Inc., as defendant.

¶ 2    Later that month, defendant entered an appearance and filed a motion to transfer venue, asserting Calhoun County, and not Madison County, was the proper venue. Defendant then filed a motion to vacate the Madison County order and a motion to dismiss plaintiff's complaint, asserting the amended complaint did not relate back to the filing of the original complaint. The Madison County circuit court granted defendant's motion to transfer venue. Once in Calhoun County, the trial court vacated the Madison County order allowing plaintiff's motion for leave to correct the misnomer and granted defendant's motion to dismiss.

¶ 3    Plaintiff appeals, arguing (1) defendant's entry of appearance waived any defect in service of process and validated the prior orders of the court; (2) the trial court could not properly reconsider or vacate the Madison County order; (3) the court improperly granted defendant's motions to vacate and dismiss; (4) the Illinois savings statute extended the statute of limitations; and (5) defendant is estopped from asserting the statute of limitations as a defense. We affirm.

¶ 4                                I. BACKGROUND

¶ 5    On February 7, 2012, plaintiff filed a complaint in the United States District Court for the Central District of Illinois naming The Palace, Inc., as defendant. The complaint alleged that, on April 18, 2010, plaintiff suffered an injury as a result of The Palace, Inc.'s negligent maintenance of its premises. The complaint alleged plaintiff was injured while patronizing a business "commonly known as The Palace," which was "located at RR1 in Hamburg, Illinois."

¶ 6    On February 9, 2012, the district court entered an order that questioned plaintiff's choice of venue. The court took judicial notice that Hamburg is located in Calhoun County, Illinois, in the Southern District of Illinois. The order further stated, according to the Illinois Secretary of

State website, The Palace, Inc., was a registered corporation whose agent, president, and secretary were listed as Rhonda K. Cato. The website shows Cato's address was listed alternatively as Bethalto, Illinois, and Wood River, Illinois, both of which are located in the Southern District of Illinois. The order required plaintiff to show cause as to why the case should not be transferred to the Southern District of Illinois.

¶ 7    On February 29, 2012, plaintiff voluntarily dismissed her complaint in federal court. On March 5, 2012, she refiled her complaint in Madison County, Illinois. The complaint again named The Palace, Inc., as defendant and now included an allegation stating, "Rhonda K. Cato, the Agent, President, and Secretary of the corporation[,] resides in Madison County, Illinois." The complaint further alleged plaintiff was injured while patronizing a business "commonly known as The Palace," which was "located at RR1 in Hamburg, Illinois." On March 26, 2012, plaintiff served The Palace, Inc., by leaving a summons and a copy of the complaint with Dennis Cato at the abode of Rhonda Cato, the registered agent of The Palace, Inc.

¶ 8    On April 18, 2012, the two-year limitations period for plaintiff's cause of action expired. See 735 ILCS 5/13-202 (West 2012).

¶ 9    On May 9, 2012, plaintiff filed a motion for entry of default judgment, stating defendant failed to answer the complaint or otherwise appear within 30 days. On May 15, 2012, plaintiff's attorney sent a letter to Doug Wilcox, the claims manager of defendant's insurer, Specialty Risk of America, enclosing a copy of the motion. According to defendant's attorney, in response to this letter and motion, the insurance company informed plaintiff's attorney she had not filed suit against or served one of its insureds.

¶ 10    On May 31, 2012, Gary Booth, the registered agent for Boothy's Palace Tavern, Inc., in Hamburg, Calhoun County, Illinois, was personally served with summons and a copy of the complaint. The affidavit of service of process indicates Gary Booth was not served as an officer or registered agent of a corporate entity.

¶ 11    Before the hearing on plaintiff's motion for entry of default judgment, on June 21, 2012, defendant's attorney, Greg Gaz, spoke with plaintiff's attorney, Lanny Darr, on the telephone. After their conversation, Gaz memorialized the conversation in a letter dated June 26, 2012, which he sent to Darr.

¶ 12    The letter states Gaz called Darr in response to (1) Darr's May 15, 2012, letter to Wilcox, which included the motion for entry of default judgment; and (2) plaintiff's "attempted service of a summons on Gary Booth on May 31, 2012[,] in connection with Madison County [c]ivil [c]ase No. 2012-L-280." Gaz advised Darr that Specialty Risk of America does not insure The Palace, Inc., and Gary Booth has no connection with that entity. Gaz's letter enclosed two printouts from the Secretary of State's website, which showed that Boothy's Palace Tavern, Inc., and The Palace, Inc., are two wholly distinct entities having no connection to one another. Gaz advised Darr that Booth was the agent and president of Boothy's Palace Tavern, Inc., and not The Palace, Inc. Further, Gaz advised Darr the establishment run by Boothy's Palace Tavern, Inc., was located in Calhoun County, and not Madison County. The letter's final paragraph states as follows:

> "As no insured of Specialty Risk of America is named in your Madison County 2012-L-280 Complaint, I cannot and will not be entering my appearance. Should you bring an action against Boothy's Palace Tavern, Inc., file same in the correct county, and properly serve said corporation, I of course will enter my appearance."

¶ 13    On July 26, 2012, plaintiff filed a motion for leave to correct a misnomer in her complaint pursuant to section 2-401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-401 (West 2012)). In support of her motion, plaintiff stated, "Counsel for the entity named as The Palace, [Inc.,] has indicated that the proper designation is Boothy's Palace Tavern, Inc., located at R.R. 1, Hamburg, Illinois." The motion further stated no appearance had been entered on behalf of defendant, "as [defendant's] counsel has stated that it is waiting until there is [*sic*] proper designations in the pleadings." Plaintiff's motion sought leave to correct the "misnomer" and attached a copy of a proposed first amended complaint, which properly named defendant. Plaintiff did not attach the June 2012 letter from defendant's attorney to her motion.

¶ 14    On August 1, 2012, following an *ex parte* hearing, the Madison County circuit court allowed plaintiff's motion for leave to correct a misnomer. On August 3, 2012, the court entered a written order to memorialize its findings with regard to plaintiff's motion. The court found defendant had actual notice of the proceedings but had not yet appeared. Additionally, the court found defendant had been served but was "simply called by the wrong name." The court then ordered all subsequent pleadings to designate defendant as "Boothy's Palace Tavern, Inc." The court also ordered defendant to appear or plead within 30 days or suffer entry of a default judgment. Plaintiff mailed a copy of the order granting her motion for leave to correct a misnomer to defendant's insurer 11 days later.

¶ 15    On August 23, 2012, defendant entered its appearance in this matter. That same day, defendant filed a motion to transfer venue pursuant to section 2-106 of the Code (735 ILCS 5/2-106 (West 2012)). In its motion, defendant asserted venue was proper in Calhoun County, and not Madison County, as defendant had no connection to Madison County.

¶ 16    On August 30, 2012, defendant filed a "Motion To Reconsider and/or Vacate Order." (We will refer to this motion as defendant's motion to vacate.) Defendant's motion noted its motion to transfer venue was still pending and requested the motion to transfer venue be heard and ruled on before the motion to vacate. Defendant's motion sought to set aside (1) the Madison County order granting plaintiff's motion for leave to correct a misnomer, and (2) the court's finding that defendant had been properly served.

¶ 17    That same day, defendant filed a motion to dismiss plaintiff's complaint pursuant to section 2-619 of the Code (735 ILCS 5/2-619 (West 2012)), contending plaintiff's suit was barred by the statute of limitations. Defendant again noted its motion to transfer venue was pending and asked the court to hear and rule on that motion before reaching the motion to dismiss.

¶ 18    In October 2012, the Madison County circuit court granted defendant's motion to transfer venue to Calhoun County. In April 2013, the case was transferred to Calhoun County. In July 2013, the trial court held a hearing on defendant's motions to vacate and dismiss. At the conclusion of the hearing, the court ordered additional briefing and argument on the issues of whether (1) the federal savings statute (see Fed. R. Civ. P. 41(a)(1) (eff. Dec. 1, 2007)) extended the time in which plaintiff could bring her action in Illinois, and (2) defendant was entitled to notice of the motion for leave to correct the misnomer.

¶ 19    In September 2013, the parties appeared and presented arguments on the issues of the applicability of the Illinois savings statute (735 ILCS 5/13-217 (West 1994)) and whether defendant was entitled to notice of the motion to correct a misnomer. At the conclusion of the hearing, the trial court orally granted defendant's motions to vacate and dismiss. In October 2013, the trial court entered a written order reflecting the oral rulings it made following the

September 2013 hearing. As part of its order, the court made the following findings and rulings:

"(1) The applicable statute of limitation is April 18, 2012.

(2) Gary Booth did not have actual notice of this action, until after the expiration of the applicable statute of limitation of April 18, 2012.

(3) No actual notice has been given to Gary Booth in his capacity as registered agent for Boothy's Palace Tavern, Inc.

(4) Defendant's Motion to Reconsider and/or Vacate is granted, as the Court finds the instant matter involves mistaken identity and not misnomer.

(5) Based on the facts before this Court, Plaintiff is not entitled to a re-filing under 735 ILCS 5/13-217 for the purposes of an action against Defendant, Boothy's Palace Tavern, Inc.

(6) Reviewing the totality of the circumstances, this Court finds that the Plaintiff failed to exercise reasonable diligence to obtain service on Defendant after the expiration of the applicable statute of limitation and the Plaintiff's action against Defendant is dismissed pursuant to Illinois Supreme Court Rule 103(b).

(7) Plaintiff has not met the requirements of 735 ILCS 5/2-616(d) and amendment of her complaint to add Boothy's Palace Tavern, Inc.[,] is denied.

(8) Defendant's Motion to Dismiss is granted.

(9) Plaintiff's Complaint against Defendant, Boothy's Palace Tavern, Inc.[,] is dismissed with prejudice."

This appeal followed.

## II. ANALYSIS

On appeal, plaintiff presents several arguments challenging the propriety of the trial court's order granting defendant's motions to vacate and dismiss. We address each of her arguments in turn.

### A. Defendant's General Appearance

On August 23, 2012, in Madison County case No. 2012-L-280, defendant filed an entry of appearance and a motion to transfer venue due to wrong venue. Plaintiff argues that by entering a general appearance and failing to file an objection to jurisdiction pursuant to section 2-301 of the Code (735 ILCS 5/2-301 (West 2012)), defendant waived its defective-service objection to the trial court's jurisdiction and validated the previous orders entered in the case.

The plain language of section 2-301 indicates that when defendant entered its general appearance, it submitted to the trial court's jurisdiction and waived any objection to service. See 735 ILCS 5/2-301 (West 2012). However, by entering a general appearance, defendant did not submit to the court's jurisdiction retroactively. *Francisco v. Francisco*, 83 Ill. App. 3d 594, 597, 404 N.E.2d 537, 539 (1980). Moreover, we must apply the statute to the facts of this case. Plaintiff filed the matter in the wrong venue. Defendant should not be penalized for its efforts to correct plaintiff's mistake. In order to place the matter before the proper court, in the proper venue, defendant appropriately first filed and sought a hearing on the motion regarding venue. Additionally, the motion to reconsider and/or vacate judgment, which alleged service was

defective, was filed at the same time as the entry of appearance and the motion to transfer venue. Clearly, all involved were on notice that service was an issue.

¶ 26　　Further, the general appearance did not validate the previous orders entered in the case. See *BAC Home Loans Servicing, LP v. Mitchell*, 2014 IL 116311, ¶ 43, 6 N.E.3d 162. As discussed in more detail below, defendant did not seek reconsideration of the Madison County order granting misnomer by asserting defective service. Instead, defendant sought reconsideration of the order granting misnomer based on its position the order was incorrect as a matter of law. Accordingly, the general entry of appearance did not bar defendant from asking for reconsideration of the Madison County order granting plaintiff's motion for leave to correct a misnomer.

¶ 27　　　　　　　　　　　　B. Defendant's Motion To Vacate

¶ 28　　Alternatively, plaintiff argues the trial court improperly reconsidered and vacated the Madison County order allowing plaintiff's motion for leave to correct a misnomer, stating defendant failed to present any new evidence or changes in the law that would warrant a reconsideration of the Madison County order.

¶ 29　　　　　　　　　1. *The Trial Court's Authority To Reconsider the*
　　　　　　　　　　　*Madison County Order Granting Misnomer*

¶ 30　　Plaintiff argues "the purpose of a motion to reconsider is to allow a party to bring to the court's attention newly discovered evidence, changes in the law, or errors in the court's previous application of existing law," citing *Compton v. Country Mutual Insurance Co.*, 382 Ill. App. 3d 323, 331, 887 N.E.2d 878, 886 (2008). Because defendant failed to present any new evidence or changes in the law, plaintiff argues, the court could not properly revisit the Madison County order. We disagree.

¶ 31　　In *Towns v. Yellow Cab Co.*, 73 Ill. 2d 113, 121, 382 N.E.2d 1217, 1220 (1978), the supreme court stated as follows:

　　　　"While prior rulings should be vacated or amended only after careful consideration, especially if there is evidence of 'judge shopping' on behalf of one who has obtained an adverse ruling, a court is not bound by an order of a previous judge (*Richichi v. City of Chicago* (1964), 49 Ill. App. 2d 320[, 199 N.E.2d 652]) and has the power to correct orders which it considers to be erroneous."

See also *Hernandez v. Pritikin*, 2012 IL 113054, ¶ 42, 981 N.E.2d 981 (recognizing a circuit court's inherent power to review, modify, or vacate interlocutory orders, even those entered by a different judge, while the court retains jurisdiction over the entire controversy). A trial court's ruling on a motion to vacate will not be disturbed absent an abuse of discretion. *Higgens v. House*, 288 Ill. App. 3d 543, 546, 680 N.E.2d 1089, 1091 (1997).

¶ 32　　In this case, the trial court retained jurisdiction over the entire controversy at the time defendant brought its motion to vacate. While defendant sought a ruling on this motion only after the court ruled on its motion to transfer venue, we conclude it did not file its motion with the intent to engage in forum shopping. Instead, defendant was preserving its objection to the action in Madison County on the basis that Madison County was not the proper venue. See 735 ILCS 5/2-104(b) (West 2012); *Memorial Medical Center v. Matthews*, 128 Ill. App. 3d 820, 822, 471 N.E.2d 573, 575 (1984). Further, the record shows the trial court vacated the order granting plaintiff's motion for leave to correct a misnomer only after it considered the parties'

written arguments and two days of oral argument, which was information not before the Madison County circuit court when it granted plaintiff's motion for leave to correct a misnomer. Presumably, the Madison County circuit court relied on plaintiff's assertion defendant was "waiting until there [was] proper designation in the pleadings" before it would enter its appearance when it allowed plaintiff's motion for leave to correct a misnomer. This assertion is refuted by defense counsel's June 26, 2012, letter to plaintiff's attorney, which plaintiff did not attach to her motion for leave to correct a misnomer. Under these circumstances, we find no error–the court determined the Madison County order was erroneous based on the new information it received and exercised its power to correct the order.

¶ 33                                  2. *Misnomer or Mistaken Identity*

¶ 34    Having found the trial court could properly reconsider the Madison County order allowing plaintiff's motion for leave to correct a misnomer, we must determine whether the court properly concluded this was a case of mistaken identity and not misnomer. Plaintiff maintains the court erred by finding this case was one of mistaken identity and not misnomer. This determination impacts the ultimate issue presented for our review: whether the proposed amended complaint relates back to the original complaint, such that it is not barred by the statute of limitations.

¶ 35    "If this is a case of a misnomer, the relation-back doctrine applies, and the amended complaint naming the proper defendant is considered filed upon the filing date of the original complaint." *Fassero v. Turigliatto*, 349 Ill. App. 3d 368, 370, 811 N.E.2d 252, 255 (2004). In such cases, service upon the misnamed party after the limitations period expires does not bar the suit. *Id*. However, if this case is one of mistaken identity, then section 2-616(d) of the Code (735 ILCS 5/2-616(d) (West 2012)) applies, and the plaintiff must satisfy the requirements of that subsection before the complaint will relate back. *Fassero*, 349 Ill. App. 3d at 370, 811 N.E.2d at 255. If the plaintiff does not satisfy section 2-616(d), then the plaintiff is required to have sued the proper defendant within the applicable statute of limitations. *Id.*

¶ 36    To determine whether a case involves a misnomer or mistaken identity, we must determine the intent of the plaintiff. *Id*. at 371, 811 N.E.2d at 256. This determination, however, " 'is not controlled by plaintiff's subjective intention of whom he intended to sue [citations] but, rather, by the objective manifestations of that intent as contained in the record.' " *Id*. at 371-72, 811 N.E.2d at 256 (quoting *Zito v. Gonzalez*, 291 Ill. App. 3d 389, 393, 683 N.E.2d 1280, 1283 (1997)). The most probative evidence of plaintiff's intent is the party named in the complaint. *Id*. at 372, 811 N.E.2d at 256. If the party named in the complaint actually exists, but is not a real party in interest, a court can conclude the plaintiff mistakenly sued the wrong party. *Id*. We will not disturb the trial court's determination on misnomer absent an abuse of discretion. *Id*. "A trial court abuses its discretion only where no reasonable person would take the view adopted by the trial court." *In re Marriage of Schneider*, 214 Ill. 2d 152, 173, 824 N.E.2d 177, 189 (2005).

¶ 37    In this case, plaintiff filed suit against an actual corporate entity, The Palace, Inc., and served its registered agent, Rhonda K. Cato, with summons and a copy of the complaint. The Palace, Inc., however, is not a real party-in-interest to this action and Cato has no connection to defendant. On this basis alone, the trial court could have properly concluded this case was one of mistaken identity. *Fassero*, 349 Ill. App. 3d at 372, 811 N.E.2d at 256.

¶ 38    Plaintiff argues she intended, at all times, to sue defendant and focuses on the fourth paragraph of her complaint, in which she alleged she was at a business "commonly known as The Palace," which is "located at RR1 in Hamburg, Illinois." This allegation, she argues, is an objective manifestation of her intent to sue the owner and operator of the bar commonly known as The Palace located in Hamburg, Illinois. She contends this allegation clearly establishes she merely misnamed the correct party in her complaint.

¶ 39    Plaintiff's argument ignores the objective manifestations of contrary intent contained within the record: (1) the complaint named The Palace, Inc., and not Boothy's Palace Tavern, Inc., as defendant; (2) the complaint states Rhonda K. Cato is "the Agent, President, and Secretary of the corporation," and resides in Madison County, Illinois, even though Cato has no connection to Boothy's Palace Tavern, Inc.; (3) plaintiff served The Palace, Inc., by leaving summons and a copy of the complaint with Dennis Cato at Rhonda Cato's abode; and (4) plaintiff initiated default proceedings against The Palace, Inc., when that entity failed to appear or answer the complaint within 30 days. Based on these circumstances, we conclude the view taken by the trial court–plaintiff did not sue the right party under the wrong name but, rather, sued the wrong party altogether–was reasonable and, therefore, the court did not abuse its discretion in vacating the Madison County order granting plaintiff's motion for leave to correct a misnomer.

¶ 40                          C. Defendant's Motion To Dismiss

¶ 41    In this case, the trial court granted defendant's motion to dismiss, finding plaintiff's amended complaint did not relate back to the original complaint under section 2-616(d) of the Code (735 ILCS 5/2-616(d) (West 2012)) and, thus, the amended complaint was not timely filed. See 735 ILCS 5/2-619(a)(5) (West 2012). We review *de novo* the dismissal of a complaint pursuant to section 2-619 of the Code (735 ILCS 5/2-619 (West 2012)). *John Doe A. v. Diocese of Dallas*, 234 Ill. 2d 393, 396, 917 N.E.2d 475, 477 (2009); see also *Porter v. Decatur Memorial Hospital*, 227 Ill. 2d 343, 353, 882 N.E.2d 583, 588 (2008) (*De novo* review applied to the question of whether a new claim in an amended complaint "related back under section 2-616(b) so as to avoid the affirmative matter of the bar of the statute of limitations.").

¶ 42    Because this case is one of mistaken identity, and not misnomer, we must determine whether plaintiff's proposed amended complaint relates back, under section 2-616(d) of the Code, to the date the original complaint was filed. If the proposed amended complaint does not relate back, then the action is not timely and must be dismissed. *Fassero*, 349 Ill. App. 3d at 370, 811 N.E.2d at 255. Section 2-616(d) of the Code provides, in pertinent part:

     "(d) A cause of action against a person not originally named a defendant is not barred by lapse of time under any statute or contract prescribing or limiting the time within which an action may be brought or right asserted, if all the following terms and conditions are met: (1) the time prescribed or limited had not expired when the original action was commenced; (2) the person, within the time that the action might have been brought or the right asserted against him or her plus the time for service permitted under Supreme Court Rule 103(b), received such notice of the commencement of the action that the person will not be prejudiced in maintaining a defense on the merits and knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him or her; and (3) it appears from the original and amended pleadings that the cause of action asserted in the amended pleading grew out of the same transaction or occurrence set up in the original pleading

***. For the purpose of preserving the cause of action under those conditions, an amendment adding the person as a defendant relates back to the date of the filing of the original pleading so amended." 735 ILCS 5/2-616(d) (West 2012).

¶ 43 The parties do not dispute the original complaint was filed within the two-year statute of limitations. Nor do the parties dispute the cause of action in the amended pleadings arose out of the same set of facts set forth in the original complaint. Rather, the parties dispute whether defendant received notice of the commencement of the action within the time for service permitted under Illinois Supreme Court Rule 103(b) (eff. July 1, 2007), such that defendant is not "prejudiced in maintaining a defense on the merits and knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him." 735 ILCS 5/2-616(d)(2) (West 2012).

¶ 44 Plaintiff argues defendant had notice of the commencement of the action no later than May 31, 2012, when Gary Booth was served with a copy of the complaint. Plaintiff also contends defendant, arguably, had notice well before the date of service. Specifically, plaintiff contends "Booth *** had constructive notice of the filing of the complaint as of October 2010[,] when he received a certified letter from the plaintiff['s] attorney." Plaintiff also contends "defendant knew of the incident back in 2010," as evidenced by the prefiling correspondence between plaintiff's attorney and defendant's insurer.

¶ 45 Three types of notice comply with section 2-616 of the Code: (1) actual notice received by the party; (2) actual notice received by the party's agent; or (3) constructive notice. Notice to an agent is satisfactory only upon showing the party plaintiff seeks to add authorized the agent to receive notice on defendant's behalf. See *Polites v. U.S. Bank National Ass'n*, 361 Ill. App. 3d 76, 88, 836 N.E.2d 133, 144 (2005).

¶ 46 We reject plaintiff's argument that defendant "had constructive notice of the filing of the complaint as of October 2010[,] when he received a certified letter from the plaintiff['s] attorney." Defendant could not have had constructive notice of the filing of the complaint at any time prior to the actual filing of the complaint. Plaintiff's attorney's May 15, 2012, correspondence with defendant's insurer did not constitute actual notice to defendant because defendant's insurer was not authorized to receive notice for defendant. See *id*.

¶ 47 We find the trial court correctly determined defendant received actual notice of the commencement of the action on May 31, 2012, when Gary Booth was served with summons and a copy of the complaint. At this point, defendant knew plaintiff had filed a lawsuit to recover for injuries she suffered while patronizing defendant's tavern in Hamburg, Illinois. The question remains, however, whether defendant received this notice within the time permitted for service under Illinois Supreme Court Rule 103(b) (eff. July 1, 2007).

¶ 48 Rule 103(b) provides:

"If the plaintiff fails to exercise reasonable diligence to obtain service on a defendant prior to the expiration of the applicable statute of limitations, the action as to that defendant may be dismissed without prejudice. If the failure to exercise reasonable diligence to obtain service on a defendant occurs after the expiration of the applicable statute of limitations, the dismissal shall be with prejudice as to that defendant only ***. *** In considering the exercise of reasonable diligence, the court shall review the totality of the circumstances, including both lack of reasonable diligence in any previous case voluntarily dismissed or dismissed for want of prosecution, and the

exercise of reasonable diligence in obtaining service in any case refiled under section 13-217 of the [Code]." Ill. S. Ct. R. 103(b) (eff. July 1, 2007).

¶ 49 Plaintiff contends the May 31, 2012, service date is within the time the action might have been brought plus the time for service permitted under Rule 103(b) because plaintiff (1) served defendant within 90 days of the filing of the complaint, and (2) was reasonably diligent in her efforts to serve as required by Rule 103(b). In determining whether a plaintiff has exercised reasonable diligence under the totality of the circumstances, Rule 103(b) permits this court to examine a variety of factors. *Womick v. Jackson County Nursing Home*, 137 Ill. 2d 371, 377, 561 N.E.2d 25, 27 (1990). These factors include (1) the defendant's actual knowledge of the pending suit; (2) whether defendant has suffered any prejudice; (3) the length of time taken to obtain service on the defendant; (4) the activities of the plaintiff; (5) the plaintiff's knowledge of the defendant's whereabouts; (6) the ease with which plaintiff could ascertain the defendant's location; (7) whether any special circumstances affected plaintiff's efforts; and (8) actual service on the defendant. *Id.*

¶ 50 After reviewing the record, we conclude defendant did not have notice of the commencement of the action until after the time for service permitted under Rule 103(b). Plaintiff's activities throughout the entire history of this case demonstrate her failure to exercise reasonable diligence. On February 7, 2012, plaintiff filed her initial complaint in federal court but failed to name the proper defendant. Two days later, the federal district court ordered plaintiff to show cause why the matter should not be transferred to the Southern District of Illinois. Plaintiff waited until February 29, 2012, the day on which she was ordered to show cause, to dismiss the federal action. On March 5, 2012, plaintiff refiled her complaint in Madison County, which was not the proper venue, and again failed to name the proper defendant. Three weeks later, on March 26, 2012, plaintiff served Rhonda Cato, who is the registered agent for the improperly named defendant. After the 30-day default period lapsed, plaintiff waited 14 days and then filed a motion for entry of default judgment. At no time did plaintiff seek an explanation from defendant's insurer as to why no appearance had been entered, despite the fact she knew defendant was insured. Plaintiff forwarded this motion to defendant's insurer, which, in response, informed plaintiff she had not filed suit against one of its insureds.

¶ 51 On May 31, 2012, 114 days after she filed her initial complaint in federal court and 43 days after the expiration of the limitations period, plaintiff served Gary Booth in his individual capacity with summons and a copy of the complaint. Three weeks later, plaintiff's attorney spoke with defendant's attorney on the telephone. Defendant's attorney informed plaintiff's attorney he had not sued the proper defendant, properly served the corporation, or filed the suit in the correct county. Five weeks later, on July 26, 2012, plaintiff filed a motion for leave to correct the "misnomer" in Madison County. Therein, plaintiff represented to the trial court that defendant's attorney was waiting for a proper designation in the pleadings before he would enter an appearance, despite defendant's attorney's June 26, 2012, letter, which indicated defendant would enter its appearance after plaintiff brought suit against the proper defendant in the proper county and properly served the corporation. Five days later, after a hearing, the Madison County circuit court entered an order granting plaintiff leave to correct the misnomer. Plaintiff's attorney did not give notice of this hearing to defendant, even though plaintiff knew defendant was represented by counsel.

¶ 52 Although defendant received actual notice of the commencement of the proceedings within (1) 90 days from the filing of the Madison County complaint, and (2) 43 days of the expiration

of the statute of limitations, we conclude, in light of plaintiff's activities, defendant did not receive notice of the commencement of the proceedings within the time permitted for service under Rule 103(b). Accordingly, the trial court properly concluded plaintiff's amended complaint did not relate back to the date she filed her Madison County complaint naming The Palace, Inc., as defendant, and granted defendant's motion to dismiss.

¶ 53                                D. The Savings Statute

¶ 54    Plaintiff next asserts the trial court erred in finding she was not entitled to refile her complaint under section 13-217 of the Code (735 ILCS 5/13-217 (West 1994)). Because this presents an issue of statutory construction, our review is *de novo*. *Home Star Bank & Financial Services v. Emergency Care & Health Organization, Ltd.*, 2014 IL 115526, ¶ 22, 6 N.E.3d 128.

¶ 55    Under section 13-217 of the Code, a plaintiff who voluntarily dismisses an action is allowed an additional year in which he or she may refile the action, regardless of whether the applicable statute of limitations has expired. 735 ILCS 5/13-217 (West 1994). Plaintiff contends because she voluntarily dismissed her federal complaint against The Palace, Inc., and "then refiled essentially the same complaint in Madison County," section 13-217 of the Code extended the time in which she could bring the action to February 28, 2013, which is one year after she voluntarily dismissed the complaint. Pursuant to section 13-217 of the Code, plaintiff argues, she "had until February 28, 2013[,] to file against and serve the proper owner of [T]he Palace which is formally known now as Boothy's Palace Tavern, Inc." According to plaintiff, her first amended complaint naming Boothy's Palace Tavern, Inc., as defendant, filed after the Madison County circuit court granted the motion for leave to correct the misnomer, was filed well within the extended time limit.

¶ 56    The savings provisions contained in section 13-217 of the Code apply only where the plaintiff brings the same claims and causes of action in the first and second complaints. *Hamilton v. Chrysler Corp.*, 281 Ill. App. 3d 284, 288-89, 666 N.E.2d 758, 761 (1996) (citing *Gibbs v. Crane Elevator Co.*, 180 Ill. 191, 196, 54 N.E. 200, 202 (1899)). A complaint naming a different defendant is a separate action for purposes of section 13-217. *Flynn v. Allis Chalmers Corp.*, 262 Ill. App. 3d 136, 140, 634 N.E.2d 8, 10 (1994). Thus, section 13-217 does not entitle a plaintiff to refile an action naming a new defendant. Because defendant was a stranger to the original action, the trial court properly concluded section 13-217 did not apply to save plaintiff's otherwise untimely amended complaint.

¶ 57                                    E. Estoppel

¶ 58    Plaintiff also argues defendant should be estopped from raising the statute of limitations as a defense to this matter. Plaintiff contends defendant held itself out to the public as The Palace as opposed to Boothy's Palace Tavern, Inc., and "should not be allowed to benefit from what certainly appears to be a misrepresentation to all by the Defendant." Plaintiff failed to present this argument to the trial court–the record contains only two references to estoppel, contained in (1) one of defendant's pleadings, which states, "Plaintiff's [m]emorandum [in support of her position taken at the July 9, 2013, hearing] seems to be subtly suggesting an estoppel argument, as the insurance carrier referred to this Defendant by its doing business as name, 'The Palace' "; and (2) defendant's attorney's argument before the court on July 9, 2013, where in his argument he commented, "it's almost an estoppels issue." As a result, plaintiff has

forfeited review of this issue. See *McKinney v. Castleman*, 2012 IL App (4th) 110098, ¶ 20, 968 N.E.2d 185 (pointing out claims may not be raised for the first time on appeal).

¶ 59                                 III. CONCLUSION

¶ 60            For the reasons stated, we affirm the trial court's judgment.

¶ 61            Affirmed.