2025 IL App (1st) 240598-U

Fourth Division
Filed June 5, 2025

No. 1-24-0598

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

| | | |
|---|---|---|
| RICHARD J. BARANOWSKI, | ) | |
|     Plaintiff-Appellant, | ) ) ) | Appeal from the |
|   v. | ) ) | Circuit Court of Cook County |
| ZORAN ATANASOV, d/b/a Zoko Freight Inc., Zoko Energy Inc., and Zoko Equipment Inc.; and CHARLES SCHUTT, d/b/a Smitty's Tree Service Inc., | ) ) ) ) ) ) | No. 2023 M5 001234<br><br>The Honorable Matthew J. Carmody Judge, presiding. |
|     Defendants-Appellees. | ) | |

JUSTICE OCASIO delivered the judgment of the court.
Presiding Justice Rochford and Justice Lyle concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The judgment was vacated and the cause remanded with instructions to grant leave to amend the complaint where, due to a misnomer in plaintiff's small-claims complaint, the trial court entered a directed finding based on plaintiff's failure to introduce evidence showing that two individuals who were not the intended defendants engaged in tortious conduct.

¶ 2    In this case, we must decide an unusual question: who, precisely, did the plaintiff sue? The evidence at trial showed that employees of Smitty's Tree Service Inc., a corporation, entered plaintiff Richard J. Baranowski's land and cut down a tree at the behest of the owner of a neighboring land parcel, a corporation named Zoko Energy Inc. But rather than name the corporations as the defendants directly, Baranowski's *pro se* complaint purported to sue their

principal corporate officers: Zoran Atanasov, the president of Zoko Energy and two other corporations operating under the name Zoko (Zoko Freight Inc., and Zoko Equipment Inc.), and Charles Schutt, the president of Smitty's Tree Service. The trial court found that Baranowski had sued Atanasov and Schutt as individuals and, accordingly, entered a directed finding against Baranowski because his evidence showed, at most, that the corporations had engaged in wrongdoing, not either of their presidents as individuals. Baranowski, however, contends that he named Atanasov and Schutt in his complaint not as individuals but as officers of the corporations they operated. As we explain below, that argument fundamentally misunderstands basic principles of corporate law. But that misapprehension merely confirms what the record itself already shows, which is that Baranowski was attempting to sue the corporate entities who were responsible for cutting down his tree, not Atanasov and Schutt as individuals. His complaint, in short, did not name the individual defendants—it misnamed the corporate ones. For that reason, we vacate the judgment and remand with directions to allow Baranowski to amend his complaint to correct the misnomer.

¶ 3                                    BACKGROUND

¶ 4        Baranowski filed the underlying small-claims complaint in 2023 using a form approved by the Illinois Supreme Court. The complaint generally alleged that, while clearing trees from a neighboring property (which the complaint identified as Atanasov's), employees of Smitty's came onto Baranowski's property and cut down a tree that stood entirely on Baranowski's side. In the caption to the complaint, Baranowski identified the defendants as "ZORAN ATANASOV dba Zoko Freight Inc., Zoko Energy Inc., [and] Zoko Equipment Inc." and "CHARLES SCHUTT dba Smitty's Tree Service Inc[.]" In the body of the complaint, he named only Atanasov and Schutt as defendants, not the corporate entities. His narrative of the underlying events similarly referred to Atanasov as "defendant #1" and Schutt as "defendant #2." It also distinguished between Schutt and Smitty's Tree Service, referring to the later as "D # 2's Company."

¶ 5        Along with his complaint, Baranowski submitted two summonses. The first summons was directed to "Zoran Atanasov - President ZOKO Freight, Energy, Equipment" at 8434 Kentwood Court in Darien, and it gave an alternate address at 13156 Francisco Avenue in Blue Island. According to the secretary of state's records, at the time the complaint was filed, 8434 Kentwood Court was the principal address for Zoko Energy and Zoko Equipment, and 13156 Francisco Avenue was the principal address for Zoko Freight. Although the summons did not identify a registered agent, the secretary of state's records indicate that it was Atanasov for all three Zoko corporations. We take judicial notice of those facts. See *Country Mutual Insurance Co. v. Under Construction & Remodeling, Inc.*, 2021 IL App (1st) 210600, ¶ 10 n.3 (taking judicial notice of corporation's registered agent). The second summons was directed to "Charles Schutt (President Smitty's Tree Service)" at 12736 South Ridgeway Avenue in Alsip. It identified Paul Buikema as the registered agent for Smitty's Tree Service and gave his address as 15 Saltcreek Lane, Suite 103, in Hinsdale. Those addresses and the identity of the registered agent were consistent with the secretary of state's records concerning Smitty's Tree Service, which we again judicially notice. See *id.*

¶ 6        The summonses were served by sheriff's deputies in April 2023, and the record includes their affidavits of service. Both affidavits show, with checkmarks, that service was made upon a "CORP/CO/BUS/PART" by leaving copies of the summons and the complaint with a registered agent, authorized person, or partner of the entity in question, but they do not indicate whether that entity was a corporation, a company, a business, or a partnership. The summons associated with Atanasov and the Zoko corporations was served on a person named Emilija Buteska at 13156 Francisco in Blue Island. The summons associated with Schutt and Smitty's was served on Schutt himself at 12736 South Ridgeway in Alsip.

¶ 7        The record shows that, following service of the summonses, lawyers entered appearances for Atanasov and Schutt, but not for any of the corporate entities.

¶ 8        The matter was tried on October 5, 2023, by the court. The record does not include a report of proceedings, but the court's written order discloses that, during Baranowski's case-in-chief, he

introduced evidence tending to show that Smitty's Tree Service had "engaged in activity that rose to the level of the alleged tortious conduct" and that Smitty's Tree Service had been given access to Baranowski's land by Zoko Energy, which owned the adjacent property. His evidence, however, did not show that any of that tortious conduct was attributable to Atanasov or Schutt, personally, so Atanasov and Schutt moved for a directed finding in their favor. The court determined that the complaint identified Atanasov and Schutt as the defendants but not any of the corporate entities and, agreeing that there was no evidence that Atanasov or Schutt had engaged in any tortious conduct individually, granted the motions for a directed finding and entered judgment for Atanasov and Schutt and against Baranowski.

¶ 9       Baranowski filed a timely posttrial motion asking the court to either reconsider its findings or grant him leave to amend the complaint to name the corporate entities. Schutt filed an opposition; Atanasov, whose lawyers withdrew after trial for reasons they indicated could not be disclosed, did not. The court denied Baranowski's motion. In relevant part, the court reiterated that Baranowski had sued Atanasov and Schutt, not the Zoko corporations or Smitty's Tree Service. The court recognized that Baranowski did not realize that he had not sued the corporate entities until "[a]fter presenting his evidence and the court's directed finding of NOT LIABLE." Citing section 2-616 of the Code of Civil Procedure (735 ILCS 5/2-616 (West 2022)), however, the court found that Schutt had not moved to amend his complaint before final judgment and that it was "not the court's role to cure" Baranowski's mistake now that the statute of limitations had expired.

¶ 10                                    ANALYSIS

¶ 11       On appeal, Baranowski contends that the court erred by denying him leave to amend his complaint to name the corporate entities as defendants. We review the trial court's denial of leave to amend for an abuse of discretion. *Asher Farm Limited Partnership v. Wolsfeld*, 2022 IL App (2d) 220072, ¶ 39. "An abuse of discretion exists where no reasonable person would take the position adopted by the trial court [citation], or where the trial court acts arbitrarily, fails to employ conscientious judgment, and ignores recognized principles of law." *In re Commissioner of Banks*

*& Real Estate*, 327 Ill. App. 3d 441, 476 (2001). While conducting that inquiry, we " 'must consider both the legal adequacy of the way the trial court reached its result as well as whether the result is within the bounds of reason.' " (Alteration marks omitted.) *Paul v. Gerald Adelman & Associates, Ltd.*, 223 Ill. 2d 85, 99 (2006) (quoting *People v. Ortega*, 209 Ill. 2d 354, 360 (2006)).

¶ 12     Before continuing, we note that the parties' arguments on this point focus on certain provisions of the Code of Civil Procedure. Those arguments overlook crucial legal context. This was not an ordinary civil suit; it was a small-claims matter. See Ill. S. Ct. R. 281 (eff. Jan. 1, 2022) (defining small claims). Small-claims proceedings operate under their own set of rules, which "were designed to allow *pro se* litigants an opportunity to obtain the resolution of dispute in a quick, simple, and informal manner unbridled by the technicalities and legal formalities which normally apply in a court proceeding." *Bouhl v. Gross*, 133 Ill. App. 3d 6, 11 (4th Dist. 1985). Those rules are not comprehensive, so the ordinary rules of civil procedure can be used to fill the gaps—but only when applying those rules would be "consistent with the aims of the small claims rules." *Harmon Insurance Agency, Inc. v. Thorson*, 226 Ill. App. 3d 1050, 1052 (1992). We are not bound by the parties' oversight, so we will consider their arguments, including the applicability of the Code of Civil Procedure, within the framework provided by the unique rules applicable to small-claims proceedings. See *Tannenbaum v. Fleming*, 234 Ill. App. 3d 1041, 1042 (1992).

¶ 13     With that clarification, we turn to the merits. This case turns on the nature of the mistake that Baranowski made when he identified the defendants in his complaint as Atanasov and Schutt. There are two possibilities: misnomer or mistaken identity. Misnomer is, essentially, a formal error: the plaintiff sued the right party, but used the wrong name for that party in the pleading. *Bristow v. Westmore Builders, Inc.*, 266 Ill. App. 3d 257, 260 (1994). "The misnomer rule is a narrow one and applies only where a plaintiff brings an action and a summons is served upon a party intended to be made a defendant." *Zito v. Gonzalez*, 291 Ill. App. 3d 389, 392 (1997). Under those circumstances, "actual notice of the lawsuit is given to the real party in interest, but the process and complaint is styled in other than the party's correct name." *Id.* at 392-93. Mistaken identity, on the other hand, is an error of substance that "occurs when the wrong person is joined and

served." *Kosydor v. American Express Centurion Services Corp.*, 2012 IL App (5th) 120110, ¶ 26. The distinction is legally significant. A misnomer can be corrected at any time, and the correction automatically relates back to the time the original complaint was filed. 735 ILCS 5/2-401(b) (West 2022); *Illinois Institute of Technology Research Institute v. Industrial Comm'n*, 314 Ill. App. 3d 149, 156 (2000). Mistaken identity, by contrast, can only be fixed before final judgment, and the amendment to bring in the proper defendant only relates back to the original complaint when certain specific requirements are met. 735 ILCS 5/2-616(a), (d) (West 2022).

¶ 14       To decide whether it is faced with a misnomer or a mistaken identity, a court must discern the plaintiff's intent based on the "objective manifestations" of that intent in the record. *Strauss*, 2022 IL 127149, ¶ 47. Here, the trial court found that Baranowski had sued Atanasov and Schutt as individuals, not the corporations that would have been the proper defendants. It therefore treated Baranowski's error as a case of mistaken identity. We review that determination for an abuse of discretion. *Asher Farm*, 2022 IL App (2d) 220072, ¶ 40.

¶ 15       Usually, the best evidence of who the plaintiff meant to sue is the person named in the complaint. *Id.* ¶ 42. Here, the body of the complaint suggests that Baranowski meant to sue the individuals, not the corporations. In paragraph 2, he identified the defendants as "ZORAN ATANASOV" and "CHARLES SCHUTT"—there was no mention of any corporate entities. In paragraph 5, moreover, he referred to Atanasov as "D #1" and to Schutt as "D #2," and he appeared to treat Smitty's Tree Service as a separate entity, referring to it as "D # 2's company." The caption, however, named the defendants as "ZORAN ATANASOV dba Zoko Freight Inc., Zoko Energy Inc., [and] Zoko Equipment Inc." and "CHARLES SCHUTT" dba Smitty's Tree Service Inc[.]" Legally speaking, that was nonsensical: "No individual does business as a corporation—not even the corporation's president." (Quotation marks omitted.) *Strauss v. City of Chicago*, 2022 IL 127149, ¶ 45. Courts have found complaints with similar errors to have merely misnamed the proper corporate party. See *id.* ¶ 44 (holding that complaint that styled plaintiff as "Brian J. Stauss, individually, and d/b/a 1572 North Milwaukee Avenue Building Corporation" identified, but misnamed, proper corporate plaintiff); *Capital One Bank, N.A. v. Czekala*, 379 Ill. App. 3d 737

(2008) (finding that complaint against "Joseph Czekala DBA SEALAND FOODS" identified, but misnamed, corporation as defendant).

¶ 16    Looking beyond the complaint, Baranowski's intent is also objectively shown by the summonses he prepared and filed. The clearest objective expression of Baranowski's intent is the summons addressed to "Charles Schutt (President Smitty's Tree Service)." That summons named and gave the address for Smitty's Tree Service's registered agent, Paul Buikema. Buikema's inclusion only makes sense if Baranowski was attempting to serve Smitty's Tree Service; it would make no sense to identify Buikema if, as the trial court found, Baranowski was suing Schutt purely as an individual. We note that, unlike the Schutt-Smitty's summons, the summons directed to "Zoran Atanasov - President ZOKO Freight, Energy, [and] Equipment" does not specifically name a registered agent; as noted above, however, the Zoko corporations' registered agent was Atanasov himself, and the blank for entering the registered agent's name on the form small-claims complaint is located immediately after the name of the defendant. It is not surprising that, having just named Atanasov, Baranowski did not elect to do so again. Furthermore, the two addresses for Atanasov listed in the summons are, in fact, the corporate addresses of the three Zoko corporations. Viewed in the context of the Schutt-Smitty's summons, which quite clearly reflected an intent to sue corporate entities, that is consistent with an intent to sue the Zoko corporations.

¶ 17    The record further shows that service was made upon corporate entities, not any individual persons. Both affidavits of service indicate by a checkbox that the defendants were served by leaving copies of the summons and complaint with the registered agent, authorized person, or partner of a defendant corporation, company, business, or partnership. See 735 ILCS 5/2-204 (West 2022) ("A private corporation may be served *** by leaving a copy of the process with its registered agent or any officer or agent of the corporation found anywhere in the State."). In the case of Smitty's Tree Service, that person was Schutt, the corporation's president. In the case of the Zoko corporations, that person was a woman named Emilija Buteska who was found at Zoko Freight's principal address. The fact that service was effectuated by leaving the complaint with

someone other than Atanasov lends further weight to the conclusion that the intended defendants were the Zoko corporations, not Atanasov individually.

¶ 18    In summary, the record contains an ambiguous complaint that nevertheless suggests an intent to sue Atanasov and Schutt individually, one summons (Schutt-Smitty's) that was plainly meant to be served on a corporate party with a registered agent, another summons (Atanasov-Zoko) that is equally consistent with an intent to sue the corporate parties and an intent to sue the Atanasov and Schutt individually, and affidavits of service that reflect that the summonses were served on corporate entities, not any individuals. These circumstances compel, at minimum, a conclusion that Baranowski intended to sue Smitty's Tree Service; that intent is unmistakably shown by his naming of Smitty's Tree Service's registered agent on the summons. The question is closer as to the Zoko corporations. If the complaint and the Atanasov-Zoko summons are considered in isolation, one might reasonably conclude that the intended defendant was Atanasov, not the Zoko corporations. But that conclusion is unsustainable once the Smitty's summons is taken into account because the record shows that Baranowski treated the Zoko corporations exactly the same way that he treated Smitty's Tree Service in the complaint and the summons. The body of the complaint named only Atanasov and Schutt as the defendants, but the caption identified the defendants as Atanasov and Schutt doing business as corporate entities, and the summons named Atanasov and Schutt as the presidents of their respective corporate entities and included the name and contact information for those entities' registered agents, the only difference being that Atanasov served that role for the Zoko corporations. The only conclusion reasonably warranted by the objective indicia in the record was that Baranowski's intent was to sue the corporations, not the individuals. This was an instance of misnomer, not mistaken identity.

¶ 19    Although not essential to our conclusion, we also note that Baranowski's actions at trial, after trial, and on appeal all support our conclusion that he intended to sue the Zoko corporations and Smitty's Tree Service. At trial, Baranowski presented evidence tending to establish that the corporate entities were liable for the removal of his tree. According to the trial court, he testified that he did not have evidence that either Atanasov or Schutt had personally engaged in tortious

conduct as individuals. It would make no sense for Baranowski to put on evidence implicating the corporate entities and to acknowledge that he had no evidence against Atanasov and Schutt if, as the trial court found, the corporations were not the intended defendants. And Baranowski's posttrial and appellate findings lay bare that he harbors the erroneous belief that corporate presidents serve as alter egos or stand-ins for the corporate entity in legal proceedings against corporations. During posttrial briefing, for instance, he conceptualized the nature of the action as a suit against Atanasov and Schutt "in their capacity as executives of the corporations named in the complaint," and he asserted that "the defendant corporations were present [at trial] through their respective presidents." His appellate brief, similarly, characterizes "corporate officers" as "the embodiment of the corporation for purposes of legal proceedings." Actually, corporations bring and defend against legal actions in their own names. 805 ILCS 5/3.10(b) (West 2022); *Campbell v. Brunk*, 25 Ill. 225 (1861). Baranowski's misunderstanding of this basic principle explains why he wrote the names of the corporate presidents even though he was attempting to sue the corporate entities.

¶ 20 Because the only reasonable conclusion admitted by the record was that Baranowski was trying to sue the corporate entities, we find that the trial court abused its discretion by treating his error as a mistake as to the identity of the proper defendants rather than a misnomer. That error led it to erroneously deny Baranowski leave to amend his complaint because the case had reached a final judgment. That limitation would have prevented Baranowski from adding new parties to the case, but it did not prevent him from amending the complaint to fix the misnamed corporate defendants. Misnomers "may be corrected at any time, before or after judgment." 735 ILCS 5/2-401 (West 2022). It also means that he is not required to satisfy the stringent statutory requirements for allowing the addition of a new party to relate back to the time the complaint was filed. See 735 ILCS 5/2-616(d) (West 2022); see also *Estate of Henry v. Folk*, 285 Ill. App. 3d 262, 266 (1996) (citing *Schryver v. Eriksen*, 255 Ill. App. 3d 418, 421 (1993)) (explaining that a misnamed defendant need not have been served during the applicable limitations period).

¶ 21 That error requires the court's judgment to be vacated. Although we lack a transcript of the trial, the court's order states that the evidence introduced by Baranowski "indicated that a corporate

entity, Smitty's Tree Service, Inc., engaged in activity that rose to the level of the alleged tortious conduct, Trespass and Damage to Realty." Per the court's order, Baranowski also introduced evidence tending to show that "[a]ccess to [his] land was provided by the owner of the adjacent property" and that "the owner of the adjacent land was Zoko Energy, Inc." The order also shows that the trial court's entry of a directed finding was based on the understanding that the defendants were Atanasov and Schutt, not the corporate entities. As the correction of the misnomer vitiates that understanding, it can no longer serve as a sound basis for entering judgment. Under these circumstances, the appropriate remedy is to vacate the trial court's judgment and remand with instructions to permit Baranowski to correct the misnomer in his complaint. Our disposition renders moot Baranowski's various claims of trial error.

¶ 22 Finally, we want to make clear that we hold only that the corporate entities were the proper (albeit misnamed) defendants—no more. We note that the record shows that Atanasov and Schutt, through counsel, purported to appear in court as individuals in response to the service of summons. We express no view as to whether their appearances reflected proper service on any of the corporate entities, waived service on behalf of the corporate entities, or amounted to a general appearance by those corporate entities. See *Casteel v. Jiminez*, 2022 IL App (1st) 201288, ¶ 24 ("Personal jurisdiction is established either by effective service of process or by a party's voluntary submission to the court's jurisdiction."). Ill. S. Ct. R. 282(b) (eff. Jan. 1, 2018) (authorizing corporate defendants to appear through a corporate officer in small-claims cases). The trial court is free to address such questions in the first instance if and when they are raised.

¶ 23                                      III. CONCLUSION

¶ 24 For the foregoing reasons, we vacate the judgment and remand with directions to allow Baranowski leave to amend his complaint to correct the misnomer and to set the matter for a new trial.

¶ 25 Vacated and remanded with directions.